644 S.E.2d 722

In the Matter of Mark S. KEEGAN, Respondent.

No. 26312.

Supreme Court of South Carolina.

Submitted March 27, 2007.

Decided April 23, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Susan M. Johnston, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Mark S. Keegan, of Greenville, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the issuance of a letter of caution, an admonition, or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent employed an individual as a paralegal for approximately one year. On October 23, 2006, October 30, 2006, and January 3, 2007 the paralegal manipulated the software system on the law firm computer and caused checks to be issued payable to herself in the amounts of $1,571.13, $1,224.00, and $3,400.00 from the Real Estate Trust Account. The paralegal negotiated the checks for her own purposes. On November 13, 2006, the paralegal misappropriated $2,813.73 from the General Trust Account by providing false payouts representing client liability, but listing personal account numbers for her vehicle taxes and vehicle payment. These checks were used for the paralegal's personal purposes.

Respondent represents that in October 2005 he retained an accountant to reconcile his Real Estate Trust Account. The accountant reconciled his Real Estate Trust Account for the

previous six months. Thereafter, the accountant reconciled the account on a monthly basis from October 2005 through September 2006. The accountant did not receive respondent's monthly bank statements for October, November, and December 2006. The accountant telephoned respondent's office in January 2007 and the paralegal told her they no longer needed her services.

Respondent was aware that no account reconciliations were conducted from October 2006 until January 2007. When the reconciliations resumed, the misappropriations were discovered. Respondent transferred funds from his operating account to the trust accounts to cover the losses.

Respondent reported the misappropriation to federal authorities. The paralegal confessed to the theft and has executed a note and mortgage to respondent to reimburse him for the stolen money.

Respondent represents he did not understand that account reconciliations must be conducted on a monthly basis, not in large monthly groups. He agrees that, had he been properly supervising the paralegal, she would not have been able to unilaterally cancel the accountant's reconciliation services and, consequently, conceal her thefts. He further agrees that, had he followed the financial recordkeeping provisions of Rule 417, SCACR, the first stolen check would have been quickly discovered and additional client funds would not have been compromised. After discussing these matters with ODC and reviewing the applicable rules, respondent recognizes the shortcomings in his reconciliation system and has implemented procedures which comply with the Court's rules.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer shall safekeep client funds); Rule 5.3 (lawyer shall make reasonable efforts to ensure that his firm has in effect measures giving reasonable assurance that conduct of non-lawyer employees is compatible with professional obligations of the lawyer); and Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct). He further admits that his misconduct

violated the recordkeeping provisions of Rule 417, SCACR. Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.